Nothing but necessity justifies a deviation. The necessity is not to be tested by the event, but by all circumstances attending the case.

*BYRNE* vs. *LA. ST. INS. COMPANY.*

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. This is an action on a policy of insurance. The execution of the policy, the interest of the plaintiff in the vessel, her sailing on the voyage insured, and the loss by one of the perils covered by the policy, are all established. The only question, therefore, for our decision, is, whether there was such a deviation from the voyage as discharges the insurers.

From the evidence in the case, it appears that the vessel sailed from New-Orleans in the month of January last, on a voyage to Clark's landing on the Rio Brassos. The captain swears that, on the 5th of February last, she arrived off the mouth of the river, and, on the 7th, succeeded in taking a pilot on board: that under his directions she attempted to enter the river, and, in doing so, grounded: that on trying the pumps after she was afloat, she was found to make considerable water: that the captain and pilot then sounded the Bar, to ascertain whether or not there was sufficient water to afford an entrance to the schooner, but was unable to find enough to enable her to

Eastern Dist.
June, 1828.

BYRNE
vs.
LA. ST. INS.
COMP.

pass: that on a survey the next day, they were still more unsuccessful, not being able to get as much water as they did the day before: that after these examinations were made, it was the decided opinion of them both, that it was not possible for the vessel to enter the river with her cargo on board: that no lighters could be obtained, and that she could not remain in the situation she was in without the greatest risk of being lost, as the current set strong on shore to the west of the river, and if overtaken by a gale of wind from the south, shipwreck was inevitable: that a consultation was then had, and it was the opinion of the pilot and deponent, and of all on board, that the want of sufficient water to enter the river, the leaking condition of the vessel, and the danger of remaining on the coast, made it necessary and highly expedient to put into some other port: that in coming to this determination, the deponent was influenced by no other considerations than those of necessity, and the welfare of all concerned: that the vessel accordingly sailed for Galveston bay, which was the nearest port, and one in which the cargo could be landed nearest the port of destination.

The other testimony in the cause strongly

Eastern Dist.
June, 1828.

BYRNE
vs.
LA. ST. INS.
COMP.
corroborates this evidence. The pilot swears that if they had not gone to Galverstown, the vessel must have returned to New-Orleans, as there was no means in their power to lighten the vessel so as to get her over the bar: that the river was up when the vessel was there; and that she could not have remained off the mouth of the Brassas without being in great danger.

The law which governs the case is well settled. To authorise a deviation there must be a necessity; and this necessity is not, in all cases, to be tested by the event; but more properly by the enquiry whether, under all the circumstances of the case, there was just and reasonable ground for the captain to believe necessity to exist.

In this case it has been contended on the part of the insurers, that the vessel should have waited a reasonable time at the mouth of the *Rio Brassas*, to see whether the waters would not rise. But this objection is destroyed by the evidence, which shews she could not have done so without being exposed to great danger. Again: It has been urged she should have remained in the outer part of Galvestown harbour, and returned to the Brassas when fa-

vorable winds would have raised the waters. There is no evidence before us, which would enable us to say, that she could have got in at any stage of the waters. On the contrary, the pilot swears, she must have returned to New-Orleans unless she put into some other port. From aught therefore which appears, the captain would not have been authorised to return to a place which he had already tried, and could not enter, and off which he could not lie without great danger. *See Philips on Ins.* 192, 196; 11 *Johns.* 352.

As to the other point in the case, we do not think there was such an unnecessary delay in the port of Galvestown as will discharge the defendants.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Workman* and *Hoffman* for the plaintiff—*Eustis* for the defendants.

Eastern Dist.
*June*, 1828.

BYRNE
*vv.*
LA. STATE
INS. COMP.